United States District Court
District of Minnesota
_____

**Lori Jean Nelson,**

                          **Plaintiff,**

Case No.:

v.

**COMPLAINT**

**Canterbury Park Holding Corporation,**

**TRIAL BY JURY DEMANDED**

                          **Defendant.**
_____

    **COMES NOW PLAINTIFF** Lori Jean Nelson, by her attorneys, brings this action against Canterbury Park Holding Corporation and states and alleges the following:

    1.    Plaintiff is a resident of Minnesota.

    2.    Defendant Canterbury Park Holding Corporation, a Minnesota corporation, is located at 1100 Canterbury Road, City of Shakopee, State of Minnesota.

    3.    Defendant employed 50 or more employees within a 75-mile radius of Plaintiff's worksite during the relevant timeframe.

    4.    Defendant is an employer subject to the provisions of the Family & Medical Leave Act, 29 U.S.C. § 2612 *et seq.* (hereinafter "FMLA") and the Minnesota Whistleblower Act, Minn. Stat. § 181.932 *et seq.* (hereinafter "MWA").

5. Plaintiff was an "employee" of Defendant and entitled to the protections of the FMLA and MWA.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States, specifically the FMLA.

7. This Court has supplemental jurisdiction of Plaintiff's MWA claim.

8. Venue is proper in this judicial district pursuant to 42 U.S.C. §§ 12117 and 28 U.S.C. §§ 1391 (b) (1) and (2) in that the alleged unlawful employment practices were committed in this judicial district and that Defendant can be found in this district.

9. Plaintiff commenced her employment with Defendant on or about April 20, 2001.

10. Plaintiff's performance of her job duties was satisfactory or better at all times relevant herein.

11. On or about January 31, 2009, Plaintiff suffered a herniated disc in her neck and was out of work on FMLA from February 1, 2009 until on or about March 15, 2009.

12. Upon her return to work, Plaintiff's boss repeatedly harassed her. Plaintiff reported the harassment to Human Resources.

13. On or about August 19, 2010, Plaintiff suffered a herniated disc in her back and was off work on FMLA until on or about December 12, 2010.

14. When Plaintiff returned to work, her medical condition required her to work shortened shifts.

15. Plaintiff's medical condition of multiple herniated discs was ongoing through the end of her employment.

16. Because of her medical condition, Plaintiff took time off work on intermittent FMLA.

17. Defendant's employees and managers repeatedly and frequently made disparaging comments about Plaintiff's use of FMLA rights, including but not limited to, the following examples:

> asking her if it was really necessary to work shortened shifts

> stating that she didn't really need to work shortened shifts, but rather she just liked to sleep in

> when she took time off because of her medical condition stating that she just didn't want to work full-time and/or that she didn't feel like working

> when she missed work or left early, stating that she just wanted to take time off and/or didn't feel like working

> when she called the pit boss and stated that she needed the day off because of her medical condition, he said "enjoy your day off, wink wink."

> when she called another pit boss and stated that she couldn't come to work because her back prevented her from being able to get out of bed, he responded, "just stay there" and he'd "be over to help [me] work out the kinks as soon as [he] could get away."

3

when discussing her schedule, Defendant's manager told her that if she didn't like the schedule he gave her that was "too bad" and she was "lucky to have a job that worked around [her] schedule."

Defendant's manager told her that she was "a part-time dealer taking up a full-time dealer's slot."

18. Defendant falsely disciplined Plaintiff and treated her differently because she took FMLA leave and intermittent FMLA.

19. On repeated occasions, Defendant violated the FMLA by improperly reporting Plaintiff's FMLA time and charging FMLA time against her PTO and by requiring Plaintiff to change her time card to reflect improper entries of FMLA time usage.

20. On multiple occasions, Plaintiff told Defendant's personnel that the time keeping procedures and recording of her time were violating the FMLA. In response, Defendant's personnel insisted they were right and required Plaintiff to follow the reporting process they described.

21. In April of 2013, Plaintiff contacted the Department of Labor ("DOL") and filed a complaint that Defendant was violating the FMLA.

22. The DOL conducted an investigation into Defendant's FMLA practices and determined that Defendant was in violation of the FMLA.

23. On many occasions during the spring and summer of 2013, Plaintiff protested to Defendant that its timekeeping practices violated her FMLA rights.

24. On or about October 7, 2013, Defendant terminated Plaintiff citing false and pretextual reasons.

25. As a direct and proximate result of Defendant's conduct above described, Plaintiff has suffered and continues to suffer lost wages and job benefits, and emotional distress and physical injury. All of these damages are as yet undetermined but believed to be in an amount in excess of $75,000.00.

## COUNT I
## VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT

26. Plaintiff realleges each paragraph of the Complaint as if fully set forth herein.

27. Pursuant to the FMLA, 29 U.S.C. § 2615, when an employee exercises FMLA rights, an employer is prohibited from interfering with, discriminating, deterring or retaliating against the employee because she exercised those rights.

28. Because Plaintiff exercised her FMLA rights, Defendant retaliated against her and terminated her.

29. In connection with Plaintiff's intermittent use of FMLA rights, Defendant interfered with, discriminated against and deterred Plaintiff in her exercise of her FMLA rights.

30. Defendant's conduct above described violated the FMLA, 29 U.S.C. § 2615.

31. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff suffered lost compensation and job benefits, in an amount as yet undetermined but are believed to be an amount in excess of $75,000.00.

## COUNT II
## VIOLATION OF MINN. STAT. § 181.932 ET SEQ.
## VIOLATION OF PUBLIC POLICY

32. Plaintiff realleges each paragraph of the Complaint as if fully set forth herein.

33. Plaintiff had a good faith basis for believing that Defendant had engaged in and continued to engage in violations of state and/or federal laws and rules/regulations pursuant to law, including but not limited to the FMLA.

34. By engaging in said violations or suspected violations, Defendant caused injury to the general public.

35. During her employment, Plaintiff in good faith reported to Defendant its violations and/or suspected violations of FMLA and protested participation in the illegal conduct.

36. Plaintiff reported Defendant's violations of the FMLA to the DOL.

37. Because of Plaintiff's protected activities, Defendant retaliated against Plaintiff and terminated her.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and job benefits, severe emotional distress, mental

anguish, embarrassment, humiliation, and physical suffering. All of these damages are as yet undetermined, but are believed to be an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiff prays for judgment against Defendant and for damages, including but not limited to the following:

a. actual compensatory damages pursuant to 29 U.S.C. § 2617 and Minn. Stat. § 181.935, including but not limited to, past and future lost wages and job benefits in an amount undetermined, but believed to be in excess of $75,000.00;

b. compensatory damages pursuant to Minn. Stat. § 181.935, including, but not limited to, physical and mental suffering, an amount undetermined, but believed to be in excess of $75,000.00;

c. liquidated damages pursuant to 29 U.S.C. § 2617;

d. costs, disbursements, and attorneys' fees pursuant to 29 U.S.C. § 2617 and Minn. Stat. § 181.935; and

e. for any other equitable relief as the court deems appropriate.

**FRIEDERICHS & THOMPSON, P.A.**

Date: December 4, 2013         s/Stephen M. Thompson
STEPHEN M. THOMPSON #0279791
TAMMY P. FRIEDERICHS #219423
1120 East 80th Street, Suite 106
Phone: (952) 814-0110
Facsimile: (952) 814-9005
*Attorneys for Plaintiff*

7